UNITED BLUE–FLAME OIL STOVE CO. v. SILVER & CO. et al.

(Circuit Court of Appeals, Second Circuit.   January 6, 1904.)

No. 68.

**1. PATENTS—PRELIMINARY INJUNCTION—REVIEW ON APPEAL.**

An order granting a preliminary injunction against infringement, or requiring the defendant in the alternative to give a bond, where such bond has been given, so that defendant's business is not disturbed, will not be reviewed on the merits on appeal in advance of the hearing on full proofs.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from an order of the Circuit Court, Eastern District of New York. The suit is the ordinary one for infringement of patent. Complainant moved upon affidavits for an injunction pendente lite. The order appealed from directs that injunction issue against defendants until further order of the court, restraining them from making, etc., oil burners constructed as described in the patents sued upon: "provided, however, such injunction shall not issue in case the defendants file a bond for $10,000, with satisfactory sureties, within ten days from date hereof, to secure complainant in that amount for future damages upon final decree which may hereafter be awarded against them."

Stephen J. Cox, for appellants.
A. S. Pattison, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM.   Upon the record presented it is not altogether clear that complainant was entitled, in advance of final hearing, to an injunction immediately stopping manufacture and sale of the devices complained of.   The order below has not interfered with such manufacture and sale, but has only required defendant to give security to respond, in the event of complainant's ultimate success, for whatever interim damages may accrue.   Such security has been given, and defendant's business remains undisturbed.   We do not feel disposed to modify such order, nor to discuss the issues presented here on ex parte affidavits in an opinion which might constrain the judge to whom at final hearing the same issues may be differently presented.

The order of the Circuit Court is therefore affirmed, with costs.

¶ 1. Review of interlocutory decrees granting or continuing injunctions in patent cases in Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 484.